**Donald R. CLEMENTS, Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**J.D. O'BRIEN OLDS–CADILLAC–GMC, INC., and J.D. O'Brien, Individually and as President, Defendants.**

No. 90 C 03202.

United States District Court, N.D. Illinois, E.D.

July 31, 1990.

Robert B. Patterson, Drumke & Patterson Ltd., Chicago, Ill., for plaintiffs.

Michele Odorizzi and Vincent J. Connelly, Mayer Brown & Platt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Donald Clements filed this RICO class action against J.D. O'Brien Olds–Cadillac–GMC Inc. and J.D. O'Brien (collectively referred to as "O'Brien"). O'Brien moves to stay this action because parallel proceedings are pending in state court. As explained below, we agree that the pendency of a parallel state action demands that we decline to exercise jurisdiction. However, because of the particular facts of this case, we find that the appropriate course of action is to dismiss the federal case without prejudice rather than staying the action pending the resolution of the state case.

In 1987, Clements filed suit against O'Brien in the Circuit Court of LaSalle County, Illinois. Clements alleged common law fraud and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act in connection with his purchase of an automobile from O'Brien. In 1988, he amended his complaint in an attempt to certify a class of individuals who had purchased automobiles from O'Brien. In 1989, the Circuit Court denied Clements' motion for class certification.

Discovery proceeded in the case and in December 1990, O'Brien moved to place the case on the trial calendar. Clements resisted this motion because he claimed that further discovery was necessary. A status hearing was scheduled for June 6, 1990. However, before it was held, Clements chose to initiate this action in federal court.

The state and federal actions are fundamentally equivalent. The factual allegations underlying both complaints are identical. Clements contends that O'Brien represented to its customers that they were receiving new cars, when they were actually receiving used cars. The legal basis for the two claims is also substantially the same. Both actions are basically fraud claims against O'Brien for allegedly misrepresenting the condition of automobiles. Although the federal complaint contains a new cause of action under RICO, this new claim appears to be nothing more than an attempt to revive the class action that had previously been rejected in state court.

O'Brien asserts that, under the authority of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), we should decline to exercise jurisdiction over Clements' federal claim. In *Colorado River,* the Supreme Court established the "exceptional circumstances" test, which allows a federal district court to stay or dismiss an action when a parallel action is pending in state court. A district court evaluating parallel actions under *Colorado River* must make two determinations before it abstains from jurisdiction. First, it must find that the two actions are actually parallel. Second, if the actions are indeed parallel, the court must consider a number of factors that might justify a decision to refrain from exercising jurisdiction over the action. *LaDuke v. Burlington Northern R. Co.,* 879 F.2d 1556, 1559 (7th Cir.1989).

There is no doubt that Clements' state and federal actions are parallel. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *LaDuke v. Burlington Northern R. Co.,* 879 F.2d at 1559 (quotation omitted). The legal and factual issues raised in the two complaints are identical. Both complaints allege acts of fraud by O'Brien. Although Clements brings a RICO claim in the federal action, he relies on allegations of fraud to satisfy the predicate act requirement of the statute. Moreover, the evidence produced in both actions is likely to be indistinguishable. Thus, although Clements has labeled his claims differently, they are substantially identical.

In addition to identity of issues, the two actions share substantially the same par-

ties. Clements argues that identity of parties does not exist because he is an individual plaintiff in the state action, while the federal claim is a class action. However, the mere fact that the federal claim includes additional parties or class allegations absent in the state complaint does not defeat abstention under *Colorado River. Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988). Clements overlooks the fact that he attempted to bring the state claim as a class action, but the state court denied certification on the ground that there was insufficient similarity among the claims of the individual class member. Similarly, in the federal case, the predominance of individual issues over common issues renders the likelihood of class certification remote. It would be ludicrous to find that the parties in Clements' actions are not parallel simply because we have not ruled on a seemingly frivolous attempt to certify a class. Accordingly, we find that the Clements' state and federal actions are parallel within the meaning of *Colorado River.*

Having concluded that the actions are parallel, we must evaluate the two actions under a number of factors that justify a decision to refrain from exercising jurisdiction. *LaDuke v. Burlington Northern R. Co.,* 879 F.2d at 1559. The Seventh Circuit has identified ten relevant factors:

1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of the state court action to protect the plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

All of the factors relevant to this case favor application of the *Colorado River* doctrine. First, if we allow both actions to proceed simultaneously, piecemeal litigation would result. Second, the state court assumed jurisdiction years before Clements elected to file his action in federal court. Third, the state court could adequately protect Clements' rights, particularly because state and federal courts have concurrent jurisdiction over RICO claims. *Tafflin v. Levitt,* ——— U.S. ———, 110 S.Ct. 792, 799, 107 L.Ed.2d 887 (1990). Fourth, the three year old state court action has progressed far beyond the recently filed federal claim. Finally, and most importantly, Clements' federal action is "vexatious and contrived." The federal action was filed as a means to delay a trial in the state court action and to contest the state court's denial of Clements' motion to certify himself as a class representative. This is an intolerable use of the federal courts. Therefore, we find that the application of the *Colorado River* factors to this case mandates that we refrain from exercising jurisdiction over the federal claim.

We also find that it is appropriate to dismiss Clement's federal claim without prejudice, rather than merely entering a stay pending the resolution of the state case. In *LaDuke v. Burlington Northern R. Co.,* the Seventh Circuit explained that a stay was the proper procedural mechanism to be employed when deferring to a parallel state proceeding under *Colorado River.* 879 F.2d at 1562. However, the Court also acknowledged that *Colorado River* empowers a district court to dismiss the federal action. 879 F.2d at 1558. While we agree that under normal circumstances a stay is preferable to a dismissal, we find that the circumstances of this case are not normal. There is simply no reason why the litigation of Clements' cause of action should not be confined to state court. All of his claims can be fairly litigated in that forum. The federal claim is a transparent attempt to drag out the proceedings in the state case and pursue a parallel appeal of state court rulings which he finds to be objectionable. We refuse to allow such an abuse of the federal courts.

For the reasons explained above, we dismiss this cause without prejudice. It is so ordered.